# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAWUD WILSON, | ) | CASE NO. 1:18-cv-2032 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge David A. Ruiz (Doc. No. 17) recommending dismissal of petitioner Dawud Wilson's ("Wilson") petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. No. 1). In response, Wilson filed a motion for certificate of appealability (Doc. No. 20) and an objection to the R&R (Doc. No. 21). Respondent Warden Lyneal Wainwright ("Wainwright") did not file a response to the motion or the objection.

For the reasons that follow, the petition is dismissed and the motion is denied.

## I.    Background

### A.  Underlying Conviction and Appeal

On October 19, 2015, in the Lake County Court of Common Pleas, Wilson was convicted of robbery and sentenced to ten (10) years in prison. (Doc. No 1 at 1.[1]) Wilson appealed to the

---

[1] All page number references are to consecutive page numbers assigned to each individual document by the Court's electronic filing system.

Ohio Eleventh District Court of Appeals asserting three assignments of error;[2] however, only the second assignment of error is relevant to the instant petition. The court of appeals summarized the factual background of Wilson's underlying conviction,[3] but only the facts relevant to the second assignment of error will be set forth here.

> {¶ 2} On June 1, 2015, appellant was indicted for aggravated robbery, a felony-one, with a repeat violent offender ("RVO") specification (Count 1); robbery, a felony-two, with an RVO specification (Count 2); and receiving stolen property, a felony-five (Count 3). Appellant pled not guilty.

> {¶ 3} On July 16, 2015, appellant filed a motion to suppress, arguing the sheriff's deputy lacked reasonable suspicion to stop him. Evidence at the suppression hearing revealed that on April 17, 2015, at about 1:00 p.m., appellant walked into the Buckeye Credit Union in Painesville Township and handed the teller a note, saying he had a loaded gun on him and to place all the bills from her drawer on the counter. Appellant's note indicated that if she did not follow the instructions in the note, he would use the gun to hurt her. The teller produced $1,972. Appellant took the money and left.

*State v. Wilson*, 108 N.E.3d 517, 519–20 (Ohio Ct. App. 2018).

> {¶ 34} For his second assigned error, appellant contends:

> {¶ 35} "The trial court erred to the prejudice of the defendant-appellant when it sentenced him to an additional and consecutive two years in prison for a repeat violent offender specification."

> {¶ 36} Appellant argues the trial court erred in sentencing him for the RVO specification because, he contends, the record did not support one of the required findings for that specification.

> {¶ 37} The Supreme Court of Ohio, in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, held that when reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *Id.* at ¶ 1.

---

[2] The first relates to a suppression issue, the second relates to the issue of whether the trial court erred "when it sentenced [Wilson] to an additional and consecutive two years of prison for a repeat violent offender specification[,]" and the third relates to whether the trial court erred by sentencing Wilson to a maximum, eight-year prison sentence for robbery. *See State v. Wilson*, 108 N.E.3d 517, 519 (Ohio Ct. App. 2018).

[3] "State-court factual findings are presumed correct unless rebutted by clear and convincing evidence." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (citing 28 U.S.C. § 2254(e)(1)).

2

Thus, applying the plain language of that statute, the Supreme Court held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* The Court further held that "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* at ¶ 10.

{¶ 38} R.C. 2929.14(B)(2)(b) sets forth the findings required for a trial court to sentence an offender for an RVO specification. That section provides, in pertinent part:

> {¶ 39} The court shall impose on an offender the longest prison term authorized * * * for the [underlying] offense and shall impose on the offender an additional definite prison term [for the RVO specification] of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

> {¶ 40} (i) The offender is convicted of * * * a specification * * * that the offender is a repeat violent offender.

> {¶ 41} (ii) The offender within the preceding twenty years has been convicted of * * * three or more offenses described in division (CC)(1) of section 2929.01 of the Revised Code [i.e., any felony of the first or second degree that is an offense of violence, such as aggravated robbery or robbery], including all offenses described in that division of which the offender is convicted * * * in the current prosecution and all offenses described in that division of which the offender previously has been convicted * * *, whether prosecuted together or separately.

> {¶ 42} (iii) The offense * * * of which the offender currently is convicted * * * is * * * any felony of the second degree that is an offense of violence and *the trier of fact finds that the offense involved * * * a threat to cause serious physical harm to a person* * * *. (Emphasis added.)

{¶ 43} Appellant concedes the record supports the first and second required findings for an RVO specification. Thus, he concedes that under the first required RVO finding, he was convicted of an RVO specification in this case. He also concedes that under the second required RVO finding, he was convicted of three counts of aggravated robbery in one case in Cuyahoga County in 2009; that he was convicted of aggravated robbery in an unrelated case in that county that same year; that he was sentenced concurrently in both cases to five years in prison; that he was released from prison in 2014; and that, within one year of his release, while he was on post-release control, he committed the instant bank robbery.

{¶ 44} The only RVO finding appellant argues was not supported by the record is the third finding, i.e., that the current robbery involved a threat to cause serious physical harm to a person. In response, the state argues the note appellant presented to the teller at the time of the robbery supported the court's finding that appellant threatened to cause her serious physical harm.

{¶ 45} "While a plea of guilty is a complete admission of the defendant's guilt, a plea of no contest is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment * * *. Crim. R. 11(B)(1) and (2)." *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 423, 662 N.E.2d 370 (1996).

{¶ 46} The requirements regarding no contest pleas in misdemeanor cases are different from those in felony cases. While the trial court is required under R.C. 2937.07 to obtain an explanation of circumstances before accepting a no contest plea to a misdemeanor, Crim.R. 11 does not require an explanation of circumstances before the court accepts a no contest plea to a felony. *State v. Williams*, 8th Dist. Cuyahoga No. 103762, 2016-Ohio-7777, 2016 WL 6804967, ¶ 5, citing *State v. Magnone*, 2d Dist., 2016-Ohio-7100, 72 N.E.3d 212, ¶ 45. However, while not required, the trial court can ask for an explanation of circumstances before accepting a no contest plea to a felony. *Id.* at ¶ 8.

{¶ 47} The Supreme Court of Ohio has stated that "where the indictment * * * contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998). An exception to this rule provides that when the trial court asks for an explanation of circumstances and that explanation negates the existence of an element of the offense, the trial court errs in finding the defendant guilty. *Williams, supra*.

{¶ 48} Further, "by pleading no contest to the indictment," a defendant "is foreclosed from challenging the factual merits of the underlying charge." *Bird, supra*. The essence of the no contest plea is that the defendant cannot be heard in defense. *Mascio, supra*, at 424, 662 N.E.2d 370. "[T]he defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." *Id.*

{¶ 49} Here, during the plea hearing, appellant told the court it was his intention to plead no contest to *both the charge and the specification*. He also said he was admitting the truth of the facts set forth in the indictment and the facts to be presented by the prosecutor.

{¶ 50} After explaining the required findings for the RVO specification regarding appellant's prior and present convictions, the trial court advised appellant that there

4

would also have to be a finding that he threatened to cause serious physical harm to the victim.

{¶ 51} Appellant said that he was voluntarily pleading no contest to robbery along with the RVO specification associated with that count and that he was asking the court to accept his plea.

{¶ 52} The court then asked the prosecutor for an explanation of circumstances. The prosecutor said that if the case had gone to trial, the evidence would have revealed that:

{¶ 53} On April 17, 2015, shortly before 1:00 P.M., the Buckeye State Credit Union * * * was robbed.

{¶ 54} The individual walked into the bank and handed a note to the teller. The note said,

{¶ 55} "1. Stay Calm. Don't raise your hands up or draw any attention.

{¶ 56} 2. I have a Loaded Gun on me.

{¶ 57} 3. Place All bills from the Drawer Onto the Counter.

{¶ 58} 4. I really don't want to hurt you, so Please:

{¶ 59} No Die (sic.) Packs, No Silent Alarms, No Bait Money, No GPS."

{¶ 60} In response to being provided that note the teller handed the individual * * * $1,972.

{¶ 61} The individual then left [the] bank. Upon arrival of Lake County Deputy Sheriffs, the employees describe[d] the suspect as being six foot tall, weighing approximately 200 pounds, being a black male with a beard * * *.

{¶ 62} The deputies * * * sent out a be-on-the-look-out broadcast. Several police officers, including Deputy * * * Leonello and Patrolman * * * Krejsa * * * set up on I–90 westbound. Deputy Leonello observed a [vehicle] fitting the description being driven by a black male pass[ ] him. About the same time Officer Krejsa also noted the vehicle.

{¶ 63} The two of them then proceeded to conduct a traffic stop. The driver of the vehicle was identified as Dawud A. Wilson. And upon stopping the vehicle the contents inside the vehicle in plain view were

5

consistent with the information taken from the scene. In plain view was a large amount of currency * * *. The currency itself was bait money provided by the bank.

{¶ 64} In addition, a * * * coat contained $1,972 * * * in the * * * pocket. * * * They also found a * * * bag, which contained a typed robbery demand [note] * * * on the floor of the vehicle * * *[.]

{¶ 65} The following colloquy then took place between the court and appellant:

{¶ 66} THE COURT: [T]he Prosecutor has summarized what the evidence was going to show in your particular case. You heard that, correct?

{¶ 67} THE DEFENDANT: Yes, sir.

{¶ 68} THE COURT: * * * Are you * * * admitting the truth of the facts that the Prosecutor has set forth here in open Court today? * * *

{¶ 69} THE DEFENDANT: Yes.

{¶ 70} * * *

{¶ 71} THE COURT: [U]nderstanding the rights that you have, hearing now what the facts are and having reviewed the facts in the indictment, are you still admitting the truth of the facts by pleading no contest here today?

{¶ 72} THE DEFENDANT: Yes, sir.

{¶ 73} THE COURT: * * * [With respect to the RVO specification,] the court finds that * * * the Defendant has previously been convicted of offenses of violence, as noted in the repeat violent offender specification, also that the crime[ ] to which he is pleading is, in fact, an offense of violence by statute. Three counts of aggravated robbery, felonies of the first degree, October 16th, 2009. Also aggravated robbery, a felony of the first degree[,] October 16th of 2009, both in the Cuyahoga County Court of Common Pleas. The Court also makes the finding that the Defendant did, in the commission of the crime here today, threaten to cause serious physical harm to a person, thereby triggering the RVO.

{¶ 74} All of that being said, the Court needs to have the Defendant review once again the written plea of no contest form, make sure you still want to enter that plea based upon the findings here today. * * * Sign the document only if you still want to plead no contest.

6

{¶ 75} [DEFENSE COUNSEL]: Your Honor, Mr. Wilson has signed the written plea of no contest and I have signed it as well confirming that he has signed it. And I have discussed it and reviewed it with Mr. Wilson prior to Court as well.

{¶ 76} * * *

{¶ 77} THE COURT: * * * Finding the pleas to have been knowingly, intelligently, and voluntarily made, I will accept the no contest pleas that have both been made orally and in writing here in open Court today. With the findings and the reasons previously stated by the Court, I will find the Defendant guilty of the crime of robbery in violation of 2911.02(A)(2) of the Revised Code, a felony of the second degree as set forth in Count 2 of the indictment. I will also find him guilty of the repeat violent offender specification associated with Count 2 of the indictment as well.

{¶ 78} A "threat" intimidates or causes the victim to be afraid. *Dayton v. Dunnigan*, 103 Ohio App.3d 67, 71, 658 N.E.2d 806 (2d Dist. 1995). Further, a threat may be express or implied. *State v. Terzo*, 12th Dist. Butler No. 2002-08-194, 2003-Ohio-5983, 2003 WL 22532890, ¶ 18.

{¶ 79} As indicated above, the robbery note appellant gave the teller said, "I have a Loaded Gun on me." The word "loaded" is in bold print, highlighted to stand out from the other type. Further, the note said, "I really don't want to hurt you, so Please: No Die (sic) Packs, No Silent Alarms, No Bait Money, No GPS." By pleading no contest and admitting he gave the teller a note saying he had a loaded gun and he would hurt her with it if necessary, appellant cannot dispute the note contained a threat that he would cause the teller serious physical harm if she did not comply with his demands.

{¶ 80} Appellant argues the note was not a threat because it said he did not want to hurt the teller. However, considering this phrase in context, he said that if she did not obey his instructions, he would hurt her.

{¶ 81} Further, appellant argues there was no evidence of a threat to cause serious physical harm because no evidence was presented that, during the robbery, he had a gun on him. However, the statement in appellant's note that "I have a Loaded Gun on me" was direct evidence he had a gun.

{¶ 82} Based on appellant's no contest plea and his stipulation to the indictment and the explanation of circumstances, the record supports the trial court's finding that appellant threatened to cause serious physical harm.

7

{¶ 83} Appellant also makes an Apprendi argument, arguing the trial court erred in sentencing him on the RVO specification after making a factual finding that a jury did not find and he did not admit, in violation of his right to a jury trial, pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Appellant is again referring to the court's finding that he threatened to cause serious physical harm. However, appellant's argument lacks merit because he waived his right to a jury trial on this issue and he admitted all facts necessary to allow the court to find he was a repeat violent offender.

{¶ 84} Appellant concedes that he failed to raise an Apprendi argument in the trial court; that he thus waived it; and that this court is limited to reviewing this issue for plain error.

{¶ 85} In *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, 915 N.E.2d 292, the trial court designated the defendant as a repeat violent offender based on his stipulation that he had a prior conviction for felonious assault with a specification that he caused "physical harm" (as required by the former version of the RVO statute). Hunter argued he had a right to have the jury make those findings. However, the Court in *Hunter* held that the court did not violate his right to a jury trial because: (1) Hunter waived his right to a jury trial, and (2) he stipulated to the facts necessary for the RVO specification.

{¶ 86} First, with respect to waiver, Hunter's case was tried to a jury, but he waived his right to a jury trial *on the RVO specification.* After the jury found appellant guilty of felonious assault, the court held a bench trial on the specification. The Supreme Court held that because Hunter chose to submit the RVO determination to the trial court, he waived any right he had to have the jury make this finding. *Id.* at ¶ 31.

{¶ 87} Here, in pleading no contest to the specification, appellant waived his right to a jury on that issue and essentially asked the court to determine the specification based on his admission of the truth of the facts alleged in the indictment and contained in the prosecutor's statement of facts.

{¶ 88} Second, the *Hunter* Court held that since Hunter admitted all facts necessary for the court to designate him as a repeat violent offender, including that he caused physical harm to the victim, the trial court did not need to conduct fact-finding and no Sixth Amendment violation occurred. *Id.* at ¶ 33.

{¶ 89} The dissent maintains that, although appellant admitted the truth of the prosecutor's statement of facts regarding his current conviction, the trial court should not have accepted those facts in enhancing his sentence. While the Supreme Court in *Hunter* upheld the trial court's acceptance of the defendant's stipulation to the facts of his *prior conviction*, the dissent suggests *Hunter* does not apply here

because appellant stipulated to the facts of his *current* conviction. However, nothing in *Hunter* suggests a trial court may not accept a defendant's stipulation to the facts of his current conviction. It is important to note that, while *judicial fact-finding* for sentence enhancement is expressly limited to the facts of a prior conviction, *stipulations* (which also obviate the need for a jury) are not. *Id.* at ¶ 29.

{¶ 90} This court, in *State v. Payne,* 11th Dist. Lake No. 2004-L-118, 2005-Ohio-7043, 2005 WL 3610429, held that in order to be constitutionally permissible under *Apprendi*, "*any fact*, other than a prior conviction, must be determined by a jury or admitted by the appellant." (Emphasis added.) *Id.* at ¶ 114. Thus, any fact other than a prior conviction that is found by a jury *or admitted by the defendant* complies with *Apprendi*, regardless of whether it relates to a prior or current conviction.

{¶ 91} In *Payne*, this court said it was the trial court's findings as to the seriousness of the defendant's *current conviction* (per the former statute) that enhanced his sentence under the RVO specification, and these findings "should have been decided by a jury (if appellant did not admit them, which he did not)[.]" *Id.* at ¶ 116. Thus, this court implied that if a defendant admits the necessary findings regarding his current conviction, those findings need not be made by a jury.

{¶ 92} "'A stipulation, once entered into and * * * accepted by the court, is binding upon the parties and is a fact deemed adjudicated * * *.'" *State v. Carr*, 2d Dist. Montgomery No. 23826, 2010-Ohio-6470, 2010 WL 5550241, ¶ 12, quoting 89 Ohio Jurisprudence 3d, Trial, Sec. 61. Thus, for RVO purposes, it makes no sense to draw a distinction between stipulations regarding the facts of a prior conviction and the facts of a current conviction. Once the defendant admits the facts recited by the prosecutor supporting a conviction, either prior or current, those facts are no longer in dispute. As the Court in *Hunter* said, where the defendant stipulates "to all the facts necessary for the trial court to designate him as a repeat violent offender," "the trial court ha[s] no need to conduct fact-finding * * * and no Sixth Amendment violation occurred * * *." *Hunter* at ¶ 32–33. That is exactly what happened here.

{¶ 93} The dissent's reliance on this court's decision in *Payne, supra,* in which this court held that the trial court violated *Apprendi*, is misplaced as the facts in *Payne* are distinguishable. Payne's case was tried by a jury, which found him guilty of the underlying offenses. At sentencing, the court enhanced the defendant's sentence based on the court's findings—from the testimony presented—that Payne caused physical harm in his prior conviction and serious physical harm in his current conviction, per the former RVO statute. *Id.* at ¶ 107–108. Payne did not waive the jury as to the specification and *did not stipulate to the necessary findings,* and this court properly held the trial court's fact-finding regarding his prior and current convictions violated *Apprendi*. *Payne* at ¶ 114.

{¶ 94} In contrast, here, appellant pled no contest to robbery *and the specification, thus waiving the jury as to both,* and *admitted all facts necessary for the RVO specification* as recited in the prosecutor's statement of facts. Before pleading, appellant told the court he would be admitting (1) the facts alleged in the indictment and (2) *the facts to be presented by the prosecutor.* Before hearing from the prosecutor, the court advised appellant, and he said he understood, that "there needs to be a finding, which would be today, that you threatened serious physical harm to the victim * * *." After the court notified him of this element, appellant said he was (1) voluntarily pleading no contest to robbery and the specification and (2) *asking the court to accept his plea.*

{¶ 95} Then, during the prosecutor's statement of facts, he said appellant handed the robbery note to the teller. In that note, appellant informed her that he had a loaded gun on him and indicated he would hurt her with it unless she followed his demands. *After hearing the facts as outlined by the prosecutor, appellant admitted they were true.* He thus essentially admitted he threatened to cause the teller serious physical harm. Appellant again asked the court to accept his plea. The court then found that appellant threatened to inflict serious physical harm on the teller, thus triggering the RVO statute.

{¶ 96} After making this finding, the court instructed appellant to again review the plea form to *make sure he still wanted to plead* based on the court's findings and *to only sign the form if that was still his wish.* After again reviewing the form with his attorney, appellant signed it, and the court found him guilty of robbery and the RVO specification.

{¶ 97} Since appellant waived his right to have the jury try the specification and admitted all facts necessary to enhance his sentence as an RVO, the trial court did not commit plain error in sentencing him.

*Id.* at 524–30 (all alterations and emphases in original).

## B.  Petition, R&R, Objection to R&R

Wilson, proceeding *pro se*, filed the instant petition raising one ground for relief:

[The] [t]rial court violated petitioner's Fourth Amendment rights to due process and trial by jury when it engaged in unconstitutional judicial fact-finding, with respect to the "serious physical harm" element, and sentenced petitioner to an enhanced sentence of two additional years for the repeat violent offender specification.

(Doc. No. 1 at 7.)

In support, Wilson offers the following factual statement:

> In a second degree felony of violence, the "serious physical harm" element is an essential element to be proven by a jury before a trial court may sentence a defendant to an enhancement RVI sentence. Where the indictment does not contain the "serious physical harm" element, and the defendant does not stipulate to or admit that the crime contained the "serious physical harm" element (when the defendant pleads guilty or no contest), this element must be tried and proven by a jury before a trial court may sentence a defendant to additional RVO time.
>
> In this case, neither the indictment nor the State's recitation of facts (prior to trial court's colloquy and defendant's pleading of no contest to the charge of robbery) contained the "serious physical harm" element. The trial court then proceeded to engage in fact-finding to find that the crime involved a threat of serious physical harm and sentenced petitioner to the maximum statutory limit for a second degree felony (8 years) plus an additional two years enhancement sentence (ran [sic] consecutively) for the RVO specification for an aggregate of 10 years in prison.

(*Id.* at 8.)

In the R&R, the magistrate judge recommends that Wilson's sole constitutional claim for relief—that the trial court erred in sentencing him to the RVO specification (in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)[4] and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004))[5]—be dismissed as

---

[4] In *Apprendi*, the Supreme Court ruled that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum (other than the fact of a prior conviction) must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt").

[5] In *Blakely*, the Supreme Court applied *Apprendi* and ruled that the Sixth Amendment to the Constitution prohibits a judge from enhancing a criminal sentence based upon facts other than those decided by the jury or admitted by the defendant.

> [T]he "statutory maximum". . . is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*.... In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment[.]"

*Blakely*, 542 U.S at 303–04 (emphases in original).

procedurally defaulted for failing to comply with Ohio's contemporaneous objection rule. (*See* Doc. No. 17 at 16–19.)

Wilson raises three objections to the recommendation. First, Wilson objects to the magistrate judge's contention that Wilson does not challenge the constitutionality of his sentence, but rather his conviction, and that he should have asserted his constitutional objection at the time of the plea hearing, not at the sentencing hearing. (Doc. No. 21-1 at 1–2.) Second, Wilson challenges the magistrate judge's conclusion that he failed to comply with Ohio's contemporaneous objection rule. (*Id*. at 9–13.) And third, Wilson challenges the magistrate judge's conclusion that the state appellate court enforced Ohio's contemporaneous objection rule. (*Id*. at 13–19.)

The Court accepts and adopts all aspects of the R&R to which Wilson has not objected.

## II.    Discussion

### A.  Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge

must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, 575 U.S. 312, 315, 135 S. Ct. 1372, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id.* at 316 (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

### B.  Analysis

Wilson objects to the magistrate judge's recommendation that his single habeas claim should be dismissed due to procedural default. There is more than one mechanism by which a

habeas claim may be procedurally defaulted. In this case, the mechanism at issue is procedural default due to Wilson's failure to follow a state procedural rule in presenting his claims to the appropriate state court. Federal courts will not consider the merits of procedurally defaulted claims unless petitioner demonstrates cause and prejudice for the default, or where failure to review a claim would result in a fundamental miscarriage of justice. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) ("'[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas corpus review of the claims is barred* unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'") (emphasis added) (quoting *Coleman v. Thompson,* 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

In *Maupin v. Smith*, the Sixth Circuit set forth a four-factor test for determining whether a petitioner has defaulted his habeas claim for failure to follow a state procedural rule in presenting that claim to the state courts:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. … Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (internal citations omitted).

Wilson does not object to the procedural default standard applied by the magistrate judge or the magistrate judge's conclusion that Ohio's contemporaneous objection rule is the state

procedural rule applicable to his habeas claim. The contemporaneous objection rule requires a party to object at the trial court level in order to preserve an issue for appellate review. *See Hyams v. Cleveland Clinic Found.*, 976 N.E. 2d 297, 304 (Ohio Ct. App. 2012).

Wilson's first two objections relate to the second half of the first *Maupin* factor. Contrary to the magistrate judge's conclusion, Wilson maintains that he satisfied Ohio's contemporaneous objection rule with respect to his *Apprendi* claim with the following statement of his counsel at sentencing concerning the issue of a threat to cause serious physical harm: [6]

> I would like to be heard as to the repeat violent offender specification. As the Court is well aware there are certain elements that have to be met for the repeat violent offender specification to come into play and for the Defendant to be sentenced on that. And one of those elements is that the offense involved[] an attempt to cause or a threat to cause serious physical harm to a person. It's our position that that particular element did not take place in this case.

(Doc. No. 8-1 at 274.)

For his first objection, Wilson argues that the magistrate judge erred by concluding that to the extent counsel's statement could be construed as an *Apprendi* argument (which the Court finds counsel's statement could not be so construed), it did not satisfy the contemporaneous objection rule because the statement was made at the sentencing hearing instead of the plea hearing. (Doc. No. 21-1 at 1–8.) The Court need not address Wilson's first objection or adopt the magistrate judge's reasoning on that issue, however, because whether counsel's statement was made at the

---

[6] If a threat of serious physical harm was found to be present, Wilson's sentence for the bank robbery would be enhanced under the RVO specification to which he pled no contest. If that fact was not found, there would be no sentence enhancement. The trial court found that the bank robbery for which Wilson was being convicted did involve a threat of serious physical harm and imposed a two-year enhancement based upon the RVO specification. In this habeas petition, Wilson contends that his constitutional rights were violated when the trial court made an alleged unconstitutional fact finding that the bank robbery to which Wilson pled no contest involved a threat of serious physical harm and enhanced Wilson's sentence on that basis. Wilson admits that he pled no contest to the RVO, but contends that he did not admit to the fact of a "threat of serious physical harm" necessary to support the RVO sentencing enhancement.

plea hearing or the sentencing hearing, the Court concludes that Wilson did not satisfy the contemporaneous objection rule for the reasons that follow.

For his second objection, Wilson contends that his counsel's statement at sentencing was adequate to put the trial court on notice that Wilson was raising a federal constitutional claim regarding his right to have a jury decide the issue of a threat of serious physical harm even though his lawyer did not expressly make an *Apprendi* argument. (*See* Doc. No. 21-1 at 9–13.) But the magistrate judge concluded that counsel's statement at sentencing did not raise an *Apprendi* argument and noted that Wilson conceded that very issue in his appellate brief.  (*See* Doc. No. 17 at 16–17; *see also* Doc. No. 8-1 at 67–73 ("Mr. Wilson is aware that this specific issue[—that Wilson did not plead or stipulate to the fact that he threatened to cause serious bodily harm with respect to the bank robbery to which he pled no contest, and that factual determination by the judge was unconstitutional and should have been made by a jury—] was not presented in the lower court. Thus, he brings it before this Court under plain error.").) The magistrate judge further pointed out that the Eleventh District Court of Appeals determined that Wilson waived his *Apprendi* argument concerning the trial court's fact finding that he threatened to cause serious physical harm[7] and a

---

[7] The Eleventh District Court of Appeals determined both that Wilson waived his right to a jury on the issue of whether the bank robbery for which he was being sentenced included a threat of serious physical harm and admitted all necessary facts to support the trial court's findings, and failed to raise an *Apprendi* argument before the trial court, thus waiving that argument:

> Appellant also makes an Apprendi argument, arguing that the trial court erred in sentencing him on the RVO specification after making a factual finding that a jury did not find and he did not admit, in violation of his right to a jury trial[.] . . . Appellant is again referring to the [trial] court's finding that he threatened to cause serious physical harm. However, appellant's argument lacks merit because he waived his right to a jury trial on the issue and admitted all the facts necessary to allow the court to find he was a repeat violent offender.

> Appellant conceded that he failed to raise an Apprendi argument in the trial court; that he thus waived it; and that this court is limited to reviewing this issue for plain error.

*Wilson*, 108 N.E.3d at 527–28.

federal court cannot overrule that court's determination of state law. (Doc. No. 17 at 17.)

On habeas corpus, a federal court is bound by a state court's interpretation of the state's procedural rules. *Brewer v. Overberg*, 624 F.2d 51, 53 (6th Cir. 1980), *cert. denied*, 449 U.S. 1085 (1981); *Hicks v. Bobby*, No. 1:05-cv-2722, 2006 WL 3256512, at *7 (N.D. Ohio Nov. 9, 2006) ("In considering a petition for a writ of habeas corpus, the federal courts must defer to a state court's interpretation of its own rules of evidence and procedure.") (internal quotation marks omitted) (citing among authority *Brewer*, 624 F.2d at 52). "Only in rare cases will a federal habeas corpus court not defer to a state's application of its own contemporaneous objection rule." *McBee v. Grant*, 763 F.2d 811, 816 (6th Cir. 1985). Such rare cases include "when a state appellate court applies a procedural bar that has no foundation in the record or state law, the federal courts need not honor that bar." *Walker v. Engle*, 703 F.2d 959, 966 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983). This is not one of those rare cases.

There is a foundation in Ohio law for application of the procedural bar at issue in this case to *Apprendi/Blakely* claims. In *State v. Payne*, 873 N.E.2d 306 (Ohio 2007), the Ohio Supreme Court held that a *Blakely* challenge is forfeited on appeal if the appellant failed to raise that issue in the trial court.[8] *See id*. at 312 ("[W]e hold that a lack of an objection in the trial court forfeits the *Blakely* issue for purposes of appeal when the sentencing occurred after the announcement of *Blakely*."); *see also State v. Hale*, 892 N.E.2d 864, 908 (Ohio 2008) ("Although *Blakely* had been decided the previous year, Hale did not raise a *Blakely* objection in the trial court. Thus, he has forfeited this claim."); *State v. Cambron*, 152 N.E.3d 824, 831 (Ohio Ct. App. 2020) ("When a

---

[8] In *Payne*, the Ohio Supreme Court distinguished waiver, which is the intentional relinquishment of a right, from forfeiture, which is failure to preserve an objection and does not extinguish the need for a plain error analysis. *See Payne*, 873 N.E.2d at 310–11 and n.2 (Noting that "[t]he court of appeals in [Payne] mistakenly, yet perhaps understandably, conflated waiver with forfeiture.").

defendant fails to preserve an objection to a particular issue at trial, 'forfeiture' of that issue occurs.") (citing *Payne*, 873 N.E.2d at 311).

And there is a foundation in the record for application of Ohio's procedural bar to Wilson's habeas claim. On its face, the objection of Wilson's counsel at sentencing challenged the factual basis for the trial court's finding that the offense for which Wilson was being convicted involved a threat of serious physical harm, not the issue of whether a jury, rather than the trial court, was required to make that finding. And when Wilson raised this issue on appeal, he conceded in his appellate brief that this issue was not raised before the trial court and, therefore, was brought before the appellate court for plain error review.

The Eleventh District Court of Appeal's ruling that Wilson was barred from raising an *Apprendi* claim on appeal because he failed to raise that issue before the trial court has a foundation both in the record and Ohio law. Therefore, this Court is bound by the state court's interpretation of its own procedural rule that Wilson's *Apprendi* claim is procedurally barred. *Brewer,* 624 F.2d at 53. Wilson's second objection is overruled.

For his third objection, Wilson challenges the magistrate judge's conclusion that the state appellate court enforced the procedural bar and satisfied the second *Maupin* factor because the Eleventh District Court of Appeals did not use the words "contemporaneous objection rule" and did not "clearly and expressly" state that its judgment rested upon the procedural bar. (Doc. No. 21-1 at 13–19.) Wilson's argument is unavailing.

In order for a state court to enforce the procedural bar, the court is not required to use the specific words "contemporaneous objection rule" as long as the state court expressly identifies a defendant's failure to comply with the procedural rule and relies on that procedural bar in its ruling.

*See Scheck v. Wilson*, No. 06-cv-1761, 2009 WL 2486051, at *20 (N.D. Ohio Aug. 11, 2009) (finding that the Ohio court of appeals expressly stated that petitioner failed to object and clearly relied on this procedural bar in dismissing petitioner's claim, and overruling habeas petitioner's objection (that the state appeals court did not clearly rely on the contemporaneous objection rule) to the magistrate judge's recommendation that petitioner's prosecutorial claim was procedurally defaulted, where the Ohio court of appeals stated that "'although Appellant elicited testimony regarding the disposal of [the victim's] urine sample, the record reflects that he failed to raise an objection regarding the alleged prosecutorial misconduct[]'" which, "read in context, clearly and expressly states that the Ohio Appellate Court relied on the contemporaneous objection rule in dismissing Scheck's prosecutorial misconduct claim" and distinguishing cases where the state court "did not even mention the procedural bar"); *see also Mason v. Brunsman*, 483 F. App'x 122, 130 (6th Cir. 2012) (finding that "the Ohio Court of Appeals clearly and expressly relied on [defendant's] counsel's violation of Ohio's contemporaneous objection rule in declining to review [defendant's habeas] prosecutorial vouching claim[]" when "[t]he Ohio Court of Appeals concluded that Mason's counsel failed to object to the prosecutors comments concerning [the State's witness's] credibility; therefore the court reviewed this aspect of his claim for plain error[]"); *Echols v. Houk*, No. C-1-03-66, 2005 WL 1745475, at *8 (S.D. Ohio July 25, 2005) (finding that the court of appeals clearly and expressly relied upon Ohio's contemporaneous objection rule in addressing petitioner's habeas claim concerning joinder when it stated: "Echols did not make or renew a request for severance of the joined counts at any time during trial. If a motion to sever is not renewed, the issue is waived unless there is plain error.").

The Ohio Eleventh District Court of Appeals made the following finding regarding Wilson's *Apprendi* claim:

> Appellant concedes that he failed to raise an Apprendi argument in the trial court; that he thus waived it; and that this court is limited to reviewing this issue for plain error.

*Wilson*, 108 N.E.3d at 528.

Here, the court of appeals expressly stated that Wilson failed to raise the *Apprendi* issue at trial, thus waiving that issue, and relied upon that procedural failure to limit its review to plain error, thus enforcing Ohio's procedural rule. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) ("we view a state appellate court's review for plain error as the enforcement of a procedural default[]") (citing *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) ("Controlling precedent in our circuit indicates that plain error review does not constitute a waiver of state procedural default rules.")). The magistrate judge correctly concluded that the Ohio Court of Appeals enforced the state's procedural bar, thus satisfying the second *Maupin* factor. Wilson's third objection is overruled.[9]

## III. Conclusion

For the foregoing reasons, Wilson's objections are overruled. The Court accepts and adopts the portions of the magistrate judge's report and recommendation to which Wilson did not object and accepts and adopts the magistrate judge's recommendation that Wilson is not entitled to habeas relief on the ground that his single claim for relief is procedurally defaulted. Wilson's petition is dismissed.

---

[9] Wilson does not object to the magistrate judge's conclusion that the third *Maupin* factor is satisfied, or that Wilson failed to establish cause and prejudice to excuse his procedural default.

In addition to his objections to the R&R, Wilson filed a motion for a certificate of appealability in the event the Court concluded that his claim for habeas relief is procedurally defaulted. (Doc. No. 20.) In the motion, Wilson simply reasserts the arguments in his traverse and objections to the report and recommendation, concluding by stating that reasonable jurists could resolve the issues therein in a different manner. The Court disagrees and will not issue a certificate of appealability with respect to Wilson's single claim for relief which this Court has concluded is plainly barred on procedural grounds and no reasonable jurist would find it debatable that the Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). Wilson's motion is denied.

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). This case is closed.

**IT IS SO ORDERED**.

Dated: September 20, 2021

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**